ALBERT W. ANDREWS *vs.* WORCESTER COUNTY MUTUAL FIRE INSURANCE COMPANY.

A mortgagee of land, who has taken possession thereof for the purpose of foreclosure since the enactment of the General Statutes, is liable to an action, under Gen. Sts. c. 12, § 40, by the collector of taxes, for the unpaid taxes thereon.

CONTRACT brought by the collector of taxes for the town of Boylston for 1860, to recover the amount of a tax assessed in that year on certain real estate in that town to George M. Davenport, the owner of the equity of redemption thereof. The defendants held a mortgage on the land, executed March 8, 1849, under which they took possession for the purpose of foreclosure on the 12th of February 1861; and, the tax being unpaid, the plaintiff demanded payment thereof of the defendants. Upon the above facts, which were agreed, judgment was rendered in the superior court for the plaintiff, and the defendants appealed to this court.

*D. Foster & T. L. Nelson*, (*W. W. Rice* with them,) for the defendants, cited the Declaration of Rights, art. 12; *Hampshire* v. *Franklin*, 16 Mass. 84; *Gerry* v. *Stoneham*, 1 Allen, 323; *Garfield* v. *Bemis*, 2 Allen, 446.

6 *

*F. H. Dewey*, for the plaintiff.

CHAPMAN, J. This action is founded on Gen. Sts. *c.* 12, § 40, which provide that the holder of a mortgage, upon taking possession of real estate thereunder, shall be liable to pay all taxes due thereon, to be recovered of him in an action of contract by the collector. This statute went into operation June 1, 1860. The mortgage which the defendants hold as assignees was made in 1849, and they contend that the statute does not apply to mortgages existing before its enactment; and that if it did so, it would be void as to them, because it would have an *ex post facto* operation. But they took possession February 12, 1861, and as this was after the statute went into operation, its language includes them. And we do not think it is objectionable as an *ex post facto* law; for long before their mortgage was made, mortgaged land was subject to a lien for taxes; and the only change which the statute makes is, that if a mortgagee enters upon land thus subject to a lien for taxes, he thereby makes himself personally liable to pay them. It merely enlarges the collector's remedy, in case the mortgagee shall choose to do the act designated. *Judgment affirmed.*